31 B.R. 81 (1983)
In re A & A CONSTRUCTION COMPANY, INC., Debtor.
F & M MORTGAGE CORPORATION, Plaintiff,
v.
A & A CONSTRUCTION COMPANY, INC., Defendant.
and
In re A & A HOMES, INC., Debtor.
F & M MORTGAGE CORPORATION, Plaintiff,
v.
A & A HOMES, INC., Defendant.
Bankruptcy Nos. 82-01380-A, 82-01381-A, Adv. Nos. 82-0519-A, 82-0520-A.
United States Bankruptcy Court, E.D. Virginia, Alexandria Division.
June 27, 1983.
*82 Fred W. Palmore, III, Gary J. Spahn, Mays, Valentine, Davenport & Moore, Richmond, for plaintiff.
Richard J. Stahl, Stahl & Buck, P.C., Annandale, for debtors.

SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW
MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.
This will supplement the findings and conclusion in the above-captioned cases which involve complaints filed by the creditor, F & M Mortgage Corporation ("F & M"), for relief from the automatic stay of Section 362 of the Bankruptcy Code. The cases were consolidated for purposes of trial.
At the close of the hearing on May 6, 1983, the Court found values for the properties at issue. The Court further found that the aggregate amount owed by the debtors to F & M under a series of loans covering nine properties or groups of properties greatly exceeded the aggregate value of those properties. The Court found further that a substantial equity deficit still would exist if the Court removed from consideration continuing tax accruals and certain attorney fees of F & M which the debtors dispute. In addition, the Court noted that it found valid two "set aside" letters which bound F & M to make payments to local authorities on behalf of the debtors, but that these amounts also had not been considered in making the determination that the debtors had no equity in the properties. On the basis of these findings, the Court granted relief from the automatic stay.
Counsel for the debtors immediately moved the Court for reconsideration of the ruling based on the fact that each of the various loans is entirely separate and is secured by separate property without cross-collaterization. Accordingly, it was asserted, the debtors might retain equity in some properties, which equity interest was obscured by the Court's consideration only of the aggregated loan amounts and property values.
The Court granted the motion of the debtors and the parties have submitted briefs addressing both the separate loan balances on the various properties and the disputed attorney fees. The debtors claim equity in three of the properties on which there are outstanding loans from F & M.
Loan Number 86218 is secured by a group of properties identified as "29 lots and 4 houses in Parcher Village Section 10" (which subdivision also is known as "Reflection Lake Section 10"). The Court found this parcel, which is owned by A & A Homes, Inc., to have a value of $765,000.00. The balance on Loan Number 86218, including the full amount of the disputed attorney fees attributed thereto by F & M, is $588,528.23. F & M, thus, admits that the debtor has equity in this property to the extent of $75,570.03. F & M asserts, however, that the amount of the admitted equity *83 cushion is insufficient to afford the creditor adequate protection due to continuing erosion of equity caused by the debtor's failure to make payments to the creditor and taxing authorities. The Court finds, however, that the debtor's equity of more than $75,000.00 is sufficient and, accordingly, denies relief from the automatic stay as to Loan Number 86218 and the property securing it.
Loan Number 86613 is secured by four houses in the subdivision known as Kingston Chase Section 3, owned by A & A Construction, Inc. The Court found that these properties have a combined value of $420,000.00. F & M claims a balance on Loan Number 86613 of $367,563.22, including disputed attorney fees. This loan balance combined with F & M's estimate of $65,186.62 in costs to sell the properties results in an equity deficit of $12,749.84. The debtor claims an equity cushion of $59,941.00 based upon exclusion of all attorney fees and costs of sale. The debtor admits that there are priority liens against the property totalling approximately $31,000.00, which amount the debtor apparently took into account in computing its claim of equity.
Inevitably, the debtor will incur substantial costs in selling these properties, although possibly these costs may prove to be less than estimated by the creditor. In addition, the attorney fees claimed by F & M on all the loans are a percentage of the respective loan balances, as provided by the terms of the notes signed by the debtors. Even if the Court were to reduce the claimed fees by half and assume also a fifty percent error in estimating costs to sell, the debtor still would be liable for approximately $80,000.00 of liens and costs in addition to its admitted principal and interest obligation to F & M of $334,149.00. The debtor thus has a liability of $414,000.00 against property worth $420,000.00, leaving an equity of $6,000.00. Such an equity cushion is inadequate for a loan in excess of $300,000.00. Accordingly, the Court grants the creditor relief from the automatic stay as to Loan Number 86613 and the properties securing it.
The properties which secure Loan Number 86909, lots 27, 28 and 29 in Parcher Village Section 10 (also identified as "Reflection Lake Section 10") already have been sold to third parties with the approval of F & M. Accordingly, the issue of relief from the automatic stay is moot as to Loan Number 86909 and the properties which secured it.
Resolution of the dispute between the parties regarding the propriety of the attorney fees claimed by F & M will require presentation of further evidence. Accordingly, the Court will defer determination on that issue until such evidence is presented.
An appropriate Order will enter.